UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ENVA S. POWERS, | ) |
| Plaintiff, | ) |
| vs. | ) 1:09-cv-01281-TWP-TAB |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

**ENTRY ON JUDICIAL REVIEW**

Plaintiff, Enva S. Powers ("<u>Powers</u>"), requests judicial review of the final decision of Defendant, Michael J. Astrue, Commissioner of the Social Security Administration (the "<u>Commissioner</u>"), denying Powers' application for Disability Insurance Benefits ("<u>DIB</u>"). For the reasons set forth below, the Court **AFFIRMS** the decision of the Commissioner.

**I.     STATEMENT OF THE CASE**

On or about October 24, 2006, Powers filed an application for DIB, alleging that she became disabled on June 6, 2006. Powers alleged disability due to chronic leg pain, manic depression, morbid obesity, fibromyalgia and asthma. The application was denied on February 6, 2007. Powers then filed an application for reconsideration, which was denied on May 4, 2007.

Powers ultimately filed a written request for a hearing on June 5, 2007. The request was granted and she appeared with counsel and testified at an administrative hearing on April 7, 2009 in Indianapolis, Indiana. At the hearing, Powers reported that she had been receiving long term disability benefits because she had both knees replaced and had fibromyalgia that affected her entire

body.

According to her medical records, Powers routinely weighed over 300 pounds. At the time of the hearing, she weighed 277 pounds and stood five feet, five inches tall. Powers had bariatric surgery in 2008 when she weighed 367 pounds, and subsequently lost approximately 60 pounds. Powers first sought outpatient counseling in the 1980s, and has been taking psychotropic medications since approximately 1979.

During the hearing, Powers reported that she was smoking one pack of cigarettes per day, though she had been smoking as much as three packs per day years prior. Powers testified at the hearing that she is unable to clean her house or perform other activities of daily living because she could not stand for long periods of time. She reported that her mother comes to her home once per week to assist with cooking, cleaning and laundry.

Powers has a high school education. She attended cosmetology school in the late 80s and subsequently worked in that field. Since 1975, Powers has performed mainly automotive factory work, primarily as a machine operator, where she was required to lift 85 pounds. She stopped automotive work in 2006, approximately three years prior to the hearing.

On May 8, 2009, Administrative Law Judge ("ALJ") Albert Velasquez concluded that Powers was not disabled under Title II of the Social Security Act. Thereafter, Powers petitioned the Appeals Council to review the ALJ's decision. On September 4, 2009, the Appeals Council denied Powers' request, thereby making the denial of benefits a final decision of the Commissioner and subject to judicial review. 20 C.F.R. § 416.1481. Pursuant to 42 U.S.C. § 405(g), Powers filed a civil action with this Court.

**II.    STANDARD OF REVIEW**

The Commissioner's decision will be upheld if it applies the correct legal standard and is supported by substantial evidence. *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*; *Richardson v. Perales*, 402 U.S. 389, 401. This standard of review prescribes that it is the Commissioner's duty to weigh the evidence, resolve material conflicts, make independent findings of fact, and decide questions of credibility. *Powers v. Apfel*, 207 F.3d 431, 434 (7th Cir. 2000). Accordingly, this Court may not reevaluate the facts, weigh the evidence anew, or substitute its judgment for that of the Commissioner. *Id.* Thus, even if reasonable minds could disagree about whether or not an individual was "disabled," the court must still affirm the ALJ's decision denying benefits. *Schmidt v. Apfel,* 201 F.3d 970, 972 (7th Cir. 2000).

In order to qualify for disability benefits under the Social Security Act ("Act"), Powers must establish that she suffers from a "disability" as defined by the Act. "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A).

The Social Security regulations set out a sequential five-step test the ALJ is to perform in order to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. The ALJ must consider whether the claimant: (1) is presently engaged in substantial gainful activity; (2) has a medically severe impairment or combination of impairments; (3) has an impairment that meets or equals an impairment listed in the regulations as being so severe as to preclude substantial gainful activity; (4) is unable to perform past relevant work; and (5) is unable to perform any other work existing in

significant numbers in the national economy. *Id.* The burden of proof is on the plaintiff during steps one through four; after the plaintiff has reached step five, however, the burden shifts to the Commissioner to show that there are jobs available in the economy. *Clifford v. Apfel,* 227 F.3d 863, 868 (7th Cir. 2000).

### III. THE ALJ'S DETERMINATIONS

Tracking the five-step analysis, the ALJ made the following determinations regarding steps one through three: (1) Powers had not been engaged in substantial gainful activity since June 6, 2006, the onset date for the alleged disability; (2) The ALJ determined that Powers had the following severe impairments: depression; anxiety; degenerative joint disease; osteoarthritis; fibromyalgia; asthma; left shoulder pain; and morbid obesity; (3) The ALJ found that though Powers did have some severe impairments, her impairments were not among those included in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1; nor were such impairments, singly or in combination, medically equivalent to any of those listed.

Before moving to the fourth step, the ALJ determined Powers' residual functional capacity ("RFC"). The RFC is an individual's ability to perform physical and mental work activities despite limitations. 20 C.F.R. § 416.945(a)(1). In making this determination, the ALJ considered Powers' medical records as well as testimony at the hearing from both Powers and the Vocational Expert ("VE").

The ALJ found that even though Powers had some limitations regarding employment, she had the RFC to "perform light work." Specifically, the ALJ found that Powers was able to lift/carry a maximum of twenty pounds, stand and/or walk for six hours a day and sit for six hours a day in an eight hour work day. The limitations on her ability to work include avoiding "even moderate

exposure to work at unprotected heights, around dangerous moving machinery, around open bodies of water, and around open flames." She was also to avoid uneven walking surfaces, repeated climbing of stairs, crawling and kneeling. Based on these abilities and limitations, the ALJ determined that Powers could be employed in work that is simple and repetitive in nature and that does not require more than superficial interaction with the general public, coworkers, or supervisors. The environment should also be relatively free of noxious fumes, gases, respiratory irritants, and extremes of temperatures and humidity. In other words, Powers could perform a limited range of 'light work' as defined by the physical exertion requirements of 20 C.F.R. § 404.1567(b).

In the fourth step of the analysis, the ALJ found that, given Powers' RFC, she would be unable to perform her past relevant work. It was determined by the vocational expert that Powers' only past relevant work was as a machine operator, and that such work is considered unskilled with medium to heavy physical demands. The ALJ determined that, in accordance with her RFC, Powers would no longer be able to perform that past employment.

In the fifth and final step of the evaluation, the ALJ found that while Powers was limited vocationally, she could indeed perform a significant number of jobs in the national economy, and was therefore not disabled under the Social Security Act.

After analyzing Powers' claim for disability under the five steps, the ALJ determined that she was not disabled under sections 216(i) and 223(d) of the Social Security Act. In accordance with the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2, the ALJ considered Powers' RFC, age, education, and work experience in order to determine whether a successful adjustment to other work could be achieved. The ALJ further relied on the VE's assertion that, based on the above factors, Powers would be able to work as a general office clerk, assembler, reception

clerk or information clerk, and that there are approximately 18,300 of those jobs in the regional economy which require light or sedentary work. Because the ALJ appropriately followed the five steps in making this determination, and his findings are supported by substantial evidence, the Court affirms the ALJ's decision.

**IV.     POWERS' CLAIMS**

In Plaintiff's brief, Powers essentially makes five claims: (1) the ALJ made materially inconsistent findings regarding the time Powers could sit and/or stand; (2) the ALJ improperly relied on extra-record evidence; (3) the ALJ erroneously evaluated the treating physician's opinions; (4) substantial evidence does not support the credibility determination; and (5) the Appeals Council erroneously denied Powers' request for review based on new evidence.  Each claim is discussed below.

**A.      Materially Inconsistent Findings Regarding Sitting and Standing**

Powers claims that the ALJ made materially inconsistent findings in regards to her ability to sit and/or stand for various amounts of time.

"Under SSR 00-4p, ... the ALJ has an affirmative responsibility to ask if the VE's testimony conflicts with the DOT, and if there is an apparent conflict, the ALJ must obtain a reasonable explanation." *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009) (citations and quotation marks omitted). However, the *Dictionary of Occupational Titles* ("*DOT*")[1] does not define sit/stand options.  The Seventh Circuit has held that the duty to inquire arises only when the conflict between the *DOT* and the VE testimony is apparent. *Id*. Because the *DOT* does not address the subject of

---

[1] The DOT, published by the U.S. Department of Labor, provides detailed physical requirements for a variety of jobs.

sit/stand options, it is not apparent that the testimony conflicts with the *DOT*. *Zblewski v. Astrue*, No. 08-1755, 2008 WL 5206384, at *4 (7th Cir. 2008).

Even if the ALJ failed to comply with S.S.R. 00-4p, however, that failure was harmless. *Id*. An ALJ is "entitled to rely on other, unchallenged VE testimony," and the VE in this case testified that, based on her experience, an approximate number of jobs are available that Powers could perform. Powers did not challenge the assertion at the hearing, and the ALJ was entitled to rely on unchallenged VE testimony. *Id*.

### B. Extra-Record Evidence

Powers claims her procedural due process rights were violated because the ALJ relied on extra-record or non-existent evidence. This claim is based on the ALJ's statement in his decision that the VE relied on professional job census publications and her own professional experience in her testimony regarding jobs available in the economy which Powers could perform. While the VE did not expressly state those sources during the hearing, it was harmless error that the ALJ imputed those sources to the VE. The VE's testimony had a solid foundation in the *DOT*, which she articulated during the hearing, and it was reasonable for the ALJ to assume that the VE's professional experience would inform her opinions.

The evidence indicates that Powers simply disagrees with the ALJ's determination. Her claim is not supported by examples of extreme conduct or partiality rising to the level of fundamental unfairness required for a due process violation. *See Keith v. Barnhart*, 473 F.3d 782, 788 (7th Cir. 2007)(an ALJ did not violate due process rights by allegedly making biased comments during the hearing). Accordingly, Powers' due process argument is rejected.

### C. Evaluation of Treating Physician's Opinions

Powers claims that the ALJ erred because he did not expressly address eleven opinions from the treating physician, Dr. Berghofer, thereby committing multiple "*Groves* violations." *Groves v. Apfel*, 148 F.3d 809 (7th Cir. 1998). According to Powers, the ALJ was required to expressly consider important opinions of the treating physician. *Groves*, however, is distinguishable from the present case in several ways. Most importantly, the ALJ in *Groves* did not consider the treating physicians' opinion, and instead relied mainly on the opinions of the doctor hired by the Social Security Administration who merely reviewed the claimant's records. *Id.* at 811. He also did not mention any medical evidence contrary to the reviewing physician, thereby almost completely ignoring the treating physician. *Id.*

Here, the ALJ did indeed consider Dr. Berghofer's opinions, though he reasonably gave those opinions less weight for several reasons. Significantly, the ALJ noted that no other doctor (treating or consulting) found Powers to be as physically limited as Dr. Berghofer claimed.

An ALJ is not required to provide a written evaluation of every piece of evidence, but need only "minimally articulate" his reasoning so as to "make a bridge" between the evidence and his conclusions. *Fischer v. Barnhart,* 129 Fed. Appx. 297, 303 (7th Cir. 2005). Even though the ALJ did not expressly discuss the eleven opinions of Dr. Berghofer, there is ample evidence in the record that he did consider and weigh that evidence in coming to the determination that Powers is not disabled. Because this Court can track the ALJ's reasoning and be assured that the ALJ considered the important evidence, the Court believes the ALJ has met the minimum articulation standard, and accordingly, Powers' claim that the ALJ erred in not adopting Dr. Berghofer's opinions is rejected.

### D. Credibility Determination

This Court reviews credibility determinations deferentially, only overturning them if patently

wrong. *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008). In determining credibility, an ALJ must consider the consistency of the claimant's statements with objective information in the record. *Id.*; S.S.R. 96-7p.

In this case, the ALJ did not err in determining Powers' claims lacked credibility. The ALJ went through the five-step analysis and in considering Powers' testimony acknowledged that she would no longer be able to perform her former work. He did, however, find that "the objective medical finding in this case . . . fail[s] to provide strong support for the claimant's allegations of disabling symptoms and limitations." The credibility determination was based not only on the disparity between Powers' testimony and her objective medical records, but also on information from Powers' treating providers that she had given less than a concerted effort to aid in her own treatment.[2] The testimony and records were properly reviewed, and this Court does not find the ALJ's credibility determination patently wrong. *See Perkins v. Chater*, 107 F.3d 1290, 1296 (7th Cir. 1997).

### E. Appeals Council's Denial of Review

The Appeals Council's denial of Powers' request for review based upon new evidence is not judicially reviewable unless the Council offered a legally erroneous reason for the denial. *See Eads v. Sec'y of Health & Human Servs.*, 983 F.2d 815, 817 (7th Cir. 1993); *Perkins v. Chater*, 107 F.3d at 1294. In the absence of such legally erroneous reason, the Appeals Council's decision whether to review is discretionary and unreviewable. *Perkins*, 107 F.3d at 1294.

Sentence six of 42 U.S.C. § 405(g) allows a court to remand a case "upon a showing that

---

[2]In the ALJ's decision, he specifically noted numerous instances of Powers' unwillingness to assist in her own care, including "the respiratory therapist reported the claimant exerted only a fair effort" and "she continued to smoke, despite having asthma."

there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 20 C.F.R. 404.970(b) also addresses the proper review of new and material evidence by the Appeals Council:

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. 404.970(b).

Under the statutes, evidence is considered "new" if it was "not in existence or available to the plaintiff at the time of the administrative proceeding." *Schmidt v. Barnhart*, 395 F.3d 737, 742 (7th Cir. 2005). Evidence is "material" if there is a "reasonable probability" that the ALJ would have reached a different conclusion had the evidence been considered. *Id.*

The ALJ and Appeals Council did not err in ruling that the evidence of Powers' knee replacement, though occurring after the hearing, the knee replacement need not be considered because the ALJ's conclusions were based on evidence that indicated a knee replacement would be likely. *See Perkins v. Chater*, 107 F.3d 1290 (an evaluation made by the plaintiff's physician following a hearing, based entirely on medical evidence that was in existence prior to the hearing, was not new and material). In his decision, the ALJ referenced Powers' knee pain and/or need for knee surgery or other medical procedures to correct such pain no fewer than nine times. The ALJ's conclusions were based on clear evidence that Powers had serious problems with her knee, and since such evidence was in existence, available, and considered, evidence of the surgery was not "new."

*Id.* at 1296. As such, the Appeals Council properly denied review of consideration of the knee replacement.

## V. CONCLUSION

Substantial evidence supports the ALJ's findings that Powers is not disabled under the Social Security Act. For the foregoing reasons, the final decision of the Commissioner is hereby **AFFIRMED**.

**SO ORDERED** day: 12/16/2010

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution to:

**Thomas E. Kieper**
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov,pearlie.wadlington@usdoj.gov,lin.montigney@usdoj.gov

**Norman Lamont Reed**
reedsmithlaw@aol.com

**Eric E. Schnaufer**
eric@schnaufer.com,ericschnaufer@mindspring.com